UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PATRICIA C. MCCOY )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CENTRAL CREDIT SERVICES, LLC, )<br>AND FIRST FINANCIAL )<br>INVESTMENT FUND VI, LLC, )<br>)<br>    Defendants. ) | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Patricia C. McCoy (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Central Credit Services, LLC (hereinafter "CCS") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

6. Defendant First Financial Investment Fund VI, LLC (hereinafter "FFI") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

7. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692 *et seq.***

8. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

9. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

10. As reaffirmed by the Sixth Circuit in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014): "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

11. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the

2
Case 3:16-cv-00010-PLR-CCS   Document 1   Filed 01/07/16   Page 2 of 9   PageID #: 2

obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a medical debt alleged to be originally owed to JMH.

12. After default, FFI allegedly purchased the debt from JMH or an assignee of JMH for purposes of collection from Plaintiff.

13. FFI is regularly engaged in purchasing defaulted consumer debts and attempts to collect them by hiring collection agencies and collection attorneys for purposes of collection from consumers, and filing collection lawsuits as named plaintiff.

14. CCS is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect the consumer debts by making telephone calls, sending collection letters, and credit reporting.

15. FFI hired CCS to attempt collection of the debt from Plaintiff.

16. On or about June 3, 2012, Jefferson Memorial Hospital (JMH) sent a collection letter dated June 3, 2012 for account number XXX1031991 to Plaintiff, which stated that the balance owed on the account was $611.81. **Copy filed as exhibit 1 ("Doc. 1-1").**

17. On or about August 31, 2012, Allied Interstate (Allied) sent a collection letter dated August 31, 2012 for account number 1031991 to Plaintiff, which stated that the total due on the account was $611.81. **Copy filed as exhibit 2 ("Doc. 1-2").**

18. 15 U.S.C. §1692a(2) provides:

> **A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium.**

19. 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

3

> **(2)** The false representation of –
>
> **(A)** the character, amount, or legal status of any debt . . . [or]
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

20. 15 U.S.C. § 1692f provides that:

    > **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
    >
    > **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

21. 15 U.S.C. §1692g requires that:

    > **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**
    >
    > **(1) the amount of the debt.**

*Collection Communication*

22. On or about April 1, 2015, CCS sent a collection letter dated April 1, 2015 to Plaintiff in an attempt to collect the debt owned by FFI. **Copy filed as exhibit 3 ("Doc. 1-3").**

23. The April 1, 2015 collection letter stated:

    | | |
    |---:|:---|
    | Current Creditor: | **FIRST FINANCIAL INVESTMENT FUND VI, LLC (FHOF1)** |
    | Orig. Creditor: | **Jefferson Memorial Hospital** |
    | Account: | **1031991** |
    | Balance: | **$659.41** |
    | Reference #: | **10035942** |

24. The April 1, 2015 collection letter also stated:

> Our client has authorized us to settle on this account. Our client has allowed us to offer you the option of one of the following two (2) repayment plans in order to settle this balance.
>
> Please choose one of the following options and forward this letter with your payment to Central Credit Services in the envelope provided:
>
> - My balance will be settled in full by a one-time payment of $362.68; or
>
> - My account will be settled in full by three (3) equal consecutive monthly payments of $139.03.
>
> If you would like to discuss payment arrangements please contact this office at **888-355-7515**. For your convenience, our account representatives accept several forms of payment.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> **This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded for quality assurance.**

(capital and bold letters in original)

25. The April 1, 2015 collection letter was sent to Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that allegedly FFI was the creditor owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2). **Doc. 1-3.**

### *False Representation of Amount of the Debt*

26. The amount of $659.41 stated by CCS as owed by Plaintiff in the April 1, 2015 collection letter was incorrect due to the addition of amounts to the original debt not owed.

27. By stating in the April 1, 2015 collection letter that Plaintiff owed $659.41, when the amount of the debt is $611.81, CCS falsely represented the amount of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), and is the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

### *Unfair Practice*

28. The attempt by CCS to collect an amount that included amounts added to the original debt not expressly authorized by the agreement creating the debt or permitted by law was an unfair practice by CCS, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

### *Failure to Provide Written Notice That Contained Correct Amount of Debt Within Five Days After Initial Communication*

29. The April 1, 2015 collection letter was the "initial communication" in connection with collection of the debt by CCS. **Doc. 1-3.**

30. The initial communication by CCS in the form of the April 1, 2015 collection letter did not contain the correct amount of the debt. **Doc. 1-3.**

31. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the April 1, 2015 letter, Plaintiff had not paid the debt, and CCS had failed to send Plaintiff a written notice that disclosed the correct amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

*Summary*

32. Defendants' above-detailed conduct in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple FDCPA provisions, including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

33. In addition to its individual liability under the FDCPA, the acts and omissions of CCS, as agent for FFI who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, FFI.

34. The acts and omissions by CCS were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by FFI in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, CCS was motivated to benefit its principal, FFI.

36. FFI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by FFI, including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

# CAUSES OF ACTION

## COUNT I-VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1)

38. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

40. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I-VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

01/07/15                                    Respectfully submitted,

                                            **PATRICIA C. MCCOY**


                                            s/      Alan C. Lee
                                            Alan C. Lee, BPR # 012700
                                            Attorney for Plaintiff
                                            P. O. Box 1357
                                            Talbott, TN 37877-1357
                                            (423) 581-0924
                                            aleeattorney@gmail.com